**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

TRAVIS ANTONE WADEN, #16049-057,

    Petitioner,

v.                                                   Civil Action No. 2:04cv599

VANESSA ADAMS, Warden,
FCI Petersburg,

    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Travis Antone Waden ("Waden") is a federal inmate at the Federal Correctional Institute ("FCI") in Petersburg, Virginia. Waden challenges the accuracy of the calculation of his

---

[1] By the Order entered October 19, 2004, the Court exercised its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases to apply these rules to this § 2241 petition. That Order also amended the petition to correctly identify the respondent as Vanessa Adams, Warden, FCI Petersburg.

good conduct time ("GCT") credits as computed by the Federal Bureau of Prisons ("BOP"). He filed the instant petition pursuant to 28 U.S.C. § 2241, and asks this Court to compel the BOP to recalculate his GCT credits.

Waden was convicted in the U.S. District Court for the Middle District of North Carolina, Greensboro Division, for an offense committed on May 4, 2001, namely, possession with intent to distribute cocaine base ("crack"), for which he was sentenced to one hundred forty-four (144) months imprisonment and five (5) years of supervised release. His sentence was imposed on February 14, 2002. The full term of imprisonment for this conviction would normally conclude on June 13, 2013, but the BOP projects that Waden will earn up to 531 days of GCT credits (including credits previously earned and credits projected to be earned). This makes the projected release date to be November 29, 2012.[2]

Waden filed an appeal with the United States Court of Appeals for the Fourth Circuit, on the grounds that an invalid search was performed in violation of the Fourth Amendment. That appeal was denied and his conviction and sentence were affirmed in an unpublished opinion on December 24, 2002. Waden did not file a petition for a writ of certiorari with the United States Supreme

---

[2] While Waden's projected release date for the instant conviction is actually December 20, 2011, the record reflects that once he completes the instant sentence, Waden will be required to serve a consecutive sentence for a supervised release violation. This accounts for the projected release date of November 29, 2012.

Court.

Waden is currently serving the remainder of the sentence for the drug conviction in BOP custody at the Federal Correctional Institute ("FCI Petersburg") in Petersburg, Virginia.[3]

On October 6, 2004, while in custody at FCI Petersburg, Waden filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[4] The Court's Order of October 19, 2004 ordered Respondent to answer the petition within sixty (60) days; instead, on December 17, 2004, Respondent moved the Court to stay the proceedings pending the disposition by the Fourth Circuit Court of Appeals of a case involving a challenge to the BOP's computation of GCT credits under 18 U.S.C. 3624(b).[5] By Order dated January 31, 2005, the Court granted the stay pending a decision on the above-referenced case, and, upon motion of Respondent, the stay was extended again by Order dated June 14, 2005. On June 17, 2005, the

---

[3] According to Waden's petition, he also has a pending motion to vacate attacking the merits of his conviction under 28 U.S.C. § 2255 in the United States District Court for the Middle District of North Carolina.

[4] It appears from the record that Waden executed the petition on September 20, 2004, and that the petition was first received by the Court on September 30, 2004.

[5] That case was <u>David Yi v. Joseph M. Brooks, Warden, et al.</u>, No. 3:03cv436 (E.D. Va., March 23, 2004), <u>appeal docketed</u>, No. 04-6891, 4th Cir., May 26, 2004, and the specific issue under consideration was whether the BOP's computation of GCT credits under 18 U.S.C. 3624(b) should be based on the actual time the inmate has served as opposed to the length of the sentence imposed.

Fourth Circuit issued its opinion in Yi, supra,[6] and the Court's Order of June 20, 2005 vacated the stay and ordered Respondent to answer the petition within sixty (60) days. On June 28, 2005, Waden filed his own motion to stay the proceedings, pending the United States Supreme Court's disposition in White v. Hobart, 04-1494 (petition for cert. filed on May 6, 2005), which according to Waden presented "the identical question to the Supreme Court" on the issue of computation of GCT credits by the BOP. The Court's Order of September 8, 2005 denied Waden's motion for a stay, because the Supreme Court denied the petition for writ of certiorari in that case, see White v. Hobart, 390 F.3d 997 (7th Cir. 2005), cert. denied, 125 S. Ct. 2921 (June 13, 2005).[7] That order also directed Waden to file a reply, if any, to Respondent's

---

[6] See David Yi v. Joseph M. Brooks, Warden, et al., 412 F.3d 526, 534 (4th Cir. 2005) (holding that the phrase "term of imprisonment" was ambiguous as used in the statute governing computation of a prisoner's GCT credits, and deferring to the BOP's statutory interpretation that the computation of GCT is based on actual time an inmate served, as opposed to the length of sentence imposed.)

[7] In White, the Seventh Circuit reversed the district court's decision in White v. Scibana, 314 F. Supp. 2d 834 (W.D. Wis. 2004), which had granted a prisoner's habeas petition on the basis that the BOP should have calculated his release date allowing for GCT credits awarded commensurately with the length of his sentence as opposed to his actual time served. White, 390 F.3d at 999. In so doing, the Seventh Circuit also decided that it was appropriate to defer to the BOP's "reasonable interpretation" of the statute in which the BOP awards an inmate GCT credits based on the amount of time served under the sentence. Id. at 1002-03. This correlates with a similar analysis and conclusion by the Fourth Circuit in Yi. See Section II.B. infra.

answer within twenty-one (21) days. Waden did not file a reply to the answer.

## B. <u>Grounds Alleged</u>

Waden now asserts that he is entitled to relief under 28 U.S.C. § 2241 because he is entitled to receive 615 days of GCT credits towards the reduction of his sentence, instead of the 531 days of GCT credits projected by the BOP. Specifically, Waden asserts that he will be forced to serve an additional eighty-four (84) days in prison,[8] on grounds substantially as follow:

> (a) The statute on which the BOP relies in computing GCT credits, 18 U.S.C. § 3624(b), unambiguously mandates that the BOP award him GCT credits based on the length of the sentence imposed as opposed to the actual time served under the sentence.
>
> (b) Even if the statute is ambiguous as to the proper calculation of GCT credits, any such ambiguities should be construed in his favor and against Respondent.[9]

---

[8] Waden's petition also requests that the Court direct the BOP to adopt a new policy concerning the calculation of GCT credits.

[9] Respondent appears to have properly characterized this argument as requiring application of the "rule of lenity," discussed by the Fourth Circuit in <u>Yi</u>, 412 F.3d at 535, <u>infra</u>; the Court notes that Waden did not specifically cite to the rule of lenity in articulating his claim.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

### A. <u>Computation of GCT Credits by the BOP</u>

The BOP is delegated the authority to compute GCT credits pursuant to 18 U.S.C. § 3624, which states, in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of <u>up to 54 days at the end of each year of the prisoner's term of imprisonment</u>, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1) (emphasis added). In other words, this statute provides that a prisoner may earn up to 54 days of GCT credits at the end of each year of good behavior, but the penultimate question is the meaning of the phrase "term of imprisonment." Under the BOP's interpretation, "term of imprisonment" refers to the actual time served under the sentence, such that the prisoner is eligible to receive up to 54 days of GCT credits for each year actually served. This forms the basis for the BOP's projection that Waden will have earned 531 days of GCT credits at the conclusion of his sentence. This is to be compared and contrasted with Waden's proposed interpretation, in which he argues that "term of imprisonment" refers to the prisoner's

6

eligibility to earn 54 days of GCT credits for each year of the sentence imposed. Under Waden's interpretation, he would be entitled to receive 615 days of GCT credits, which means that he would be required to serve an additional eighty-four (84) days in prison on the instant conviction if his petition is not granted.

### B. <u>Statutory Interpretation Under Fourth Circuit Precedent</u>

The Court is guided by the Fourth Circuit's recent precedent in which it addressed the precise issues raised in Waden's petition. In <u>Yi</u>, 412 F.3d 526, <u>supra</u>, the Fourth Circuit found the phrase "term of imprisonment," as used in the foregoing statute for the computation of GCT credits eligibility, to be ambiguous. <u>Id.</u> at 533. The Court next consulted the statute's legislative history, which the Court found did not satisfactorily resolve the ambiguity. <u>Id.</u> at 533-34. Then the Court, citing <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 843-44 (1984) ("[the court] may not substitute [our] own construction of [the] statutory provision for a reasonable interpretation made by the [BOP]"), sought to determine "whether the BOP's interpretation of the statute was reasonable and therefore entitled to deference." <u>Id.</u> at 534. The Court "conclude[d] that the BOP has reasonably interpreted the statute so as to require the calculation of GCT [credits] based on the inmate's [actual] time

served."[10]  Id.

Accordingly, the Court FINDS that the BOP reasonably interpreted and correctly applied the applicable statute in calculating Waden's projected GCT credits. The Court recommends that his petition be DENIED.

The Fourth Circuit in Yi has also addressed and rejected Waden's additional claim, that even if the governing statute is ambiguous, any such ambiguities should be construed in his favor and against Respondent. Id. at 535. In particular, Waden asserts that the phrase "term of imprisonment" is used inconsistently throughout the United States Code, including in the very statute at issue, and that "in each instance it [has been] held to mean 'sentence.'" Petitioner's Memorandum of Law in Support of Petitioner's [sic] Writ of Habeas Corpus, at 6. Waden argues that because the BOP has acknowledged that "term of imprisonment" has been used to mean "sentence" in some portion of the United States Code, that phrase cannot also be used to mean "time served" in another portion of the Code. The Court construes this as a request

---

[10] In so doing, the Court noted that the BOP's procedure for awarding an inmate with 54 days of GCT credits "for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner 'at the end of each year' for good behavior demonstrated 'during that year,'" id. citing 18 U.S.C. § 3624(b)(1), and that such a procedure "reflects 'a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award GCT [credits] for [actual] time served,'" id. (citing Perez-Olivo v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005)).

8

for application of the so-called "rule of lenity," which holds that "where there is ambiguity in a criminal statute,[11] doubts are [to be] resolved in favor of the defendant." Yi, 412 F.3d at 535 (citing United States v. Bass, 404 U.S. 336, 348 (1971)).

The Fourth Circuit has decided that it is unnecessary to resort to the rule of lenity in a circumstance like the instant one for two reasons.[12] Id. First, the Court noted that the BOP has provided the public with sufficient notice of its interpretation of the statute, any ambiguity notwithstanding, and its intent to apply it in the manner described supra. Id. Second, the Court determined that under Chevron, supra, it was obligated to defer to the BOP's reasonable interpretation of the statute "rather than apply a presumption of lenity to resolve the ambiguity." Id.

For these same reasons, this Court declines to apply the rule of lenity in the instant case, and recommends that Waden's petition for a writ of habeas corpus be DENIED.

---

[11] The Fourth Circuit assumed, without deciding, that the relevant statute, 18 U.S.C. § 3624, is a criminal statute within the context of the rule of lenity. Yi, 412 F.3d 526 n.6 (citations omitted).

[12] The Court did "acknowledge the strong presumption that identical terms used in the same sentence of a statute carry the same meaning." Yi, 412 F.3d at 533, citing Brown v. Gardner, 513 U.S. 115 (1994). The Court also recognized, however, that such a presumption is flexible in cases like the instant case where it can be reasonably concluded that such terms "were employed in different parts of the [statute] with different intent." Id. (quoting General Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 595 (2004)).

### III. RECOMMENDATION

For the foregoing reasons, the Court, having found that the BOP reasonably interpreted the statute in awarding GCT credits based on the actual time served as opposed to the length of sentence imposed, recommends that Waden's petition for a writ of habeas corpus be DENIED and DISMISSED WITH PREJUDICE.

Waden has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of

those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                                          /s/
                                            F. Bradford Stillman
                                            United States Magistrate Judge

Norfolk, Virginia

May 17, 2006

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Travis Antone Waden, #16049-057
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804
PRO SE

Lawrence R. Leonard, Esq.
Managing Assistant United States Attorney
Unites States Attorney's Office
World Trade Center
101 W. Main St.
Suite 8000
Norfolk, VA 23510

                                        Fernando Galindo,
                                        Acting Clerk of Court

By: _____
     Deputy Clerk
     May   , 2006